DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied the motion of defendant-appellant, Michael G. Lillstrung, Jr., to restore his driving privileges. From that judgment, appellant raises the following assignment of error: *Page 2 
 {¶ 2} "The Trial Court committed plain error by denying the motion to restore driving privileges."
 {¶ 3} On October 22, 1999, appellant was indicted and charged with aggravated vehicular homicide in violation of R.C. 2903.06 (Count 1), and involuntary manslaughter in violation of R.C. 2903.04(B) (Count 2). Attached to both counts was the additional finding that appellant was under the influence of alcohol, a drug of abuse, or both, at the time of the commission of the offense. Appellant initially entered pleas of not guilty to both counts, but on December 17, 1999, in open court, appellant withdrew his not guilty pleas and entered a plea of no contest to involuntary manslaughter, a third degree felony. In exchange for his plea, the state agreed that at sentencing it would request a nolle prosequi as to Count 1 and as to the specifications attached to both counts. Before accepting appellant's plea, the court, in relevant part, informed appellant of the possible sentence he was facing and expressly told appellant that his license to drive in the state of Ohio "shall either, one, be suspended for a minimum of 30 days up to 3 years, or your license to drive in Ohio shall be revoked up to a lifetime revocation." Upon questioning by the court, appellant stated that he understood that that was a possible penalty.
 {¶ 4} Appellant was subsequently sentenced to a term of two years in prison and his driver's license was revoked "for life." He did not appeal his conviction and sentence. After serving approximately eight months of his prison sentence, appellant filed a motion for judicial release. On September 26, 2000, the lower court granted the motion for judicial release, amended appellant's sentence, and imposed a three year term of *Page 3 
community control, along with a number of conditions. Appellant abided by the conditions of this community control, and on May 28, 2003, the lower court approved the early termination of appellant's community control sanction.
 {¶ 5} On September 26, 2005, appellant filed a motion to restore his driving privileges. Appellant asserted that because permanent revocation of his driver's license was not statutorily required at the time of sentencing, the trial court had the discretion to reinstate his driving privileges. Upon consideration, the lower court denied the motion to restore.
 {¶ 6} Appellant did not appeal the trial court's denial of his motion to restore. Rather, on May 18, 2006, appellant, represented by new counsel, filed a second motion to restore his driving privileges. In this motion, appellant asserted that by adding the words "for life" after the word "revoked" in appellant's sentence, the lower court exceeded the statutory bounds of R.C. 4507.16 and, therefore, the lower court committed plain error in imposing the lifetime revocation. The lower court again denied the motion. It is from that judgment that appellant now appeals.
 {¶ 7} In support of his sole assignment of error, appellant contends that at the time he was sentenced, R.C. 4507.16 only allowed a lifetime revocation of a driver's license upon a finding that the accident was a result of the defendant's being under the influence of alcohol or drugs. Because appellant was convicted of involuntary manslaughter in the commission of a misdemeanor, R.C. 2903.04(B), and the underlying misdemeanor offense was failure to maintain an assured clear distance, appellant asserts *Page 4 
that the lower court was without the statutory authority to permanently revoke his driver's license.
 {¶ 8} "Ohio trial courts do not possess the inherent authority to suspend, cancel, or modify a criminal sentence once that sentence has been executed, absent specific statutory authority to do so." State v.Rowe (1997), 118 Ohio App.3d 121, 123. Nevertheless, where a trial court has disregarded statutory requirements in imposing sentence, the sentence is invalid or void and subject to correction or modification.State v. Beasley (1984), 14 Ohio St.3d 74; State v. Hibbler (Dec. 29, 2000), 6th Dist. No. L-00-1240. This appeal presents the question of whether a trial court has the authority to permanently revoke the driving privileges of an offender who has been found guilty of involuntary manslaughter in the commission of a misdemeanor absent a finding that the offender was under the influence of alcohol and/or drugs at the time of the offense. If we find that the court does have that authority, we must further determine whether the trial court has the authority to reinstate an offender's driving privileges after those privileges have been permanently revoked under the circumstances of this case.
 {¶ 9} As appellant states, he was convicted of violating R.C.2903.04(B). At the time appellant committed this offense, R.C. 2903.04
read in relevant part:
 {¶ 10} "(B) No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of the first, second, third, or fourth degree or a minor misdemeanor. *Page 5 
 {¶ 11} "(C) Whoever violates this section is guilty of involuntary manslaughter. * * * Violation of division (B) of this section is a felony of the third degree.
 {¶ 12} "(D)(1) In addition to any penalty imposed upon the offender under division (C) of this section and sections 2929.11 to 2929.18 of the Revised Code, if an offender is convicted of or pleads guilty to a violation of division (A) or (B) of this section and if the felony or misdemeanor that the offender committed or attempted to commit, that proximately resulted in the death of the other person or the unlawful termination of another's pregnancy, and that is the basis of the offender's violation of division (A) or (B) of this section included, as an element of that felony or misdemeanor offense, the offender's operation or participation in the operation of a motor vehicle * * * while the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, both of the following apply:
 {¶ 13} "(a) The offender's driver's * * * license * * * shall be permanently revoked pursuant to section 4507.16 of the Revised Code [.]"
 {¶ 14} On its face, former R.C. 2903.04 does not authorize a trial court to permanently revoke the driver's license of an offender unless an element of the underlying misdemeanor offense is that the offender was under the influence of alcohol or a drug of abuse, or both, while operating a motor vehicle. However, R.C. 2903.04 is not the only statute applicable to appellant's case. At the time appellant committed the offense of involuntary manslaughter, a third degree felony, R.C. 4507.16
provided in pertinent part: *Page 6 
 {¶ 15} "(A)(1) The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall suspend for not less than thirty days or more than three years or shall revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to any of the following:
 {¶ 16} "* * *
 {¶ 17} "(b) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used[.]"
 {¶ 18} In State v. White (1987), 29 Ohio St.3d 39, the Supreme Court of Ohio interpreted former R.C. 4507.16(A) as authorizing "a trial court, in its discretion, to permanently revoke a person's operator's license." Id. at syllabus. In reaching that decision, the court looked to the plain meaning of the word "revocation" as "a permanent taking without the expectation of reinstatement." Id. at 40. The court also discussed the intent behind former R.C. 4507.16 and noted that while the General Assembly mandated permanent revocation for those persons convicted of aggravated vehicular homicide or vehicular homicide, it gave trial courts the discretion to permanently revoke the driver's licenses of those convicted of involuntary manslaughter. Id. at 40-41.
 {¶ 19} In a case remarkably similar to the one before us, we previously held that a driver's license can be permanently revoked under R.C. 4507.16(A) even absent a finding that the offender was under the influence of alcohol and/or drugs at the time of the offense. InState v. Hullinger (May 24, 1991), 6th Dist. No. L-90-190, the defendant entered a no contest plea to aggravated vehicular homicide with a physical harm *Page 7 
specification and the state dropped the alcohol specification. The trial court then sentenced him to 18 months to five years in prison and permanently revoked his driver's license. On appeal, the defendant asserted that the trial court was not authorized to permanently revoke his driver's license absent a finding that he was under the influence of alcohol. We concluded that although R.C. 2903.06, the aggravated vehicular homicide statute, did not authorize a permanent license suspension absent a finding that the offender was under the influence of alcohol at the time of the offense, R.C. 4507.16(A) did grant the trial court discretion to permanently revoke the offender's driver's license. The Third District Court of Appeals has also held that a trial court has the discretionary authority to permanently revoke an offender's driver's license pursuant to R.C. 4507.16(A) without first finding that the offender was under the influence of alcohol. See State v. Stewart (Jan. 14, 1991), 3d Dist. No. 2-89-16.
 {¶ 20} Accordingly, it is clear that the trial court had the authority to permanently revoke appellant's driver's license absent a finding that appellant was under the influence of alcohol and/or drugs at the time of the offense.
 {¶ 21} We now determine whether the trial court had the authority to reinstate appellant's driving privileges after those privileges were permanently revoked under former R.C. 4507.16(A).
 {¶ 22} Former R.C. 4507.16(I) provided in relevant part that "no judge or mayor shall suspend the revocation required by division (D) of this section[.]" The statute did not address any other form of license revocation, and in particular did not address a *Page 8 
revocation imposed pursuant to former R.C. 4507.16(A). As stated above, Ohio trial courts do not possess the authority to modify a criminal sentence that has been imposed unless there is specific statutory authority to do so. Because former R.C. 4507.16 did not authorize a trial court to reinstate a permanently revoked driver's license, the court in State v. Redman, 163 Ohio App.3d 686, 2005-Ohio-5474, held that the trial court was not statutorily authorized to suspend, cancel or modify the defendant's criminal sentence and the trial court did not err in denying the defendant's motion to reinstate his driving privileges that had been permanently revoked pursuant to former R.C. 4507.16(A). We find that this holding is applicable to this case.
 {¶ 23} Accordingly, because appellant's license revocation was authorized by statute and was not void or invalid, and because there was no statutory authority for modifying, suspending or canceling appellant's license revocation, the trial court was without the authority to reinstate appellant's driving privileges. The sole assignment of error is not well-taken.
 {¶ 24} We are compelled to note that appellant is not without recourse. In 2004, the General Assembly passed R.C. 4510.54 which allows for motions for modification or termination of lifetime suspensions of driving privileges. Although the statute does not use the term "revocation," it is clear by a reading of the statute as well as R.C.4510.01(H), that the statute does apply to individuals who have been penalized by a lifetime revocation of their driving privileges. Nevertheless, the statute requires that an individual may move for a modification or termination pursuant to the statute only once *Page 9 
and that at least 15 years must have elapsed since the suspension began before the individual can file the motion. Accordingly, appellant does not yet meet the minimum requirement of this statute.
 {¶ 25} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
 *Page 1