[Cite as *State v. Martin*, 2016-Ohio-453.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-05-085 |
| | : | O P I N I O N |
| - vs - | | 2/8/2016 |
| | : | |
| CARL M. MARTIN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-12-1947

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Carl M. Martin, appeals his conviction in the Butler County Court of Common Pleas for driving under a specified lifetime suspension. For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2} In 1996, Martin was convicted of aggravated vehicular assault in violation of R.C. 2903.08, and Martin's license was permanently revoked. In 2014, at a routine traffic

stop on State Route 4, a Hamilton police officer pulled Martin over for expired tags. At the stop, Martin admitted to the officer that his driving privileges were under a lifetime suspension. Thereafter, on January 21, 2015, a Butler County Grand Jury indicted Martin for failure to display tags and for driving under a specified lifetime suspension in violation of R.C. 4510.18.

{¶ 3} After a bench trial, Martin was convicted of both offenses and sentenced to five years of community control and ordered to pay a $25 fine. The trial court noted on the record that the statutory scheme regarding license suspensions had changed since Martin had his license permanently revoked in 1996. The statutory scheme now reflects classifications of suspensions where a "class one suspension" constitutes a suspension for the life of the person and the phrase "permanently revoked" is not used. Despite this change, after denying Martin's motion for acquittal pursuant to Crim.R. 29, the trial court found Martin guilty of driving under a lifetime suspension.

{¶ 4} Martin now appeals and asserts a single assignment of error for review.

{¶ 5} Assignment of Error:

{¶ 6} THE TRIAL COURT IMPROPERLY DENIED MR. MARTIN'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER CRIMINAL RULE 29.

{¶ 7} Martin argues that the state failed to present proof beyond a reasonable doubt that he was driving while under a class one suspension. Specifically, Martin asserts that when his driver's license was permanently revoked under former R.C. 4507.16, the trial court did not impose a class one suspension. Martin contends because the classification system did not exist at the time he committed aggravated vehicular assault, convicting him of driving under a lifetime suspension was impossible.

{¶ 8} "A Crim.R. 29 motion is asserted to test the sufficiency of the evidence." *State v. McMurray*, 12th Dist. Preble No. CA2014-08-008, 2015-Ohio-2827, ¶ 37. Specifically,

Crim.R. 29(A) provides, in pertinent part, that a trial court "on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal on one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Therefore, the standard of review for a denial of a Crim.R. 29 motion is the same as the standard of review for a sufficiency of the evidence claim. *State v. Carter*, 72 Ohio St.3d 545, 553 (1995).

{¶ 9} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Hoskins*, 12th Dist. Warren No. CA2013-02-013, 2013-Ohio-3580, ¶ 16, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. When evaluating the sufficiency of the evidence, this court defers to the trier of fact regarding questions of credibility. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 10} In 1996, Martin was convicted of aggravated vehicular assault in violation of R.C. 2903.08 and had his license "permanently revoked." In 2015, Martin was convicted of driving under a specified lifetime suspension pursuant to R.C. 4510.18, which provides:

(A) No person whose driver's * * * license or permit * * * has

- 3 -

been suspended for life under a class one suspension imposed under * * * section 2903.08 of the Revised Code shall operate any motor vehicle upon the public roads or highways within this state during the remaining life of the person.

R.C. 4510.18(B) continues, "Whoever violates this section is guilty of driving under specified lifetime suspension, a felony of the third degree."  A class one suspension is defined in R.C. 4510.02(A)(1), which states:

When a court elects or is required to suspend the driver's license * * * the court shall impose a definite period of suspension from the range specified for the suspension class:  (1) For a class one suspension, a definite period for the life of the person subject to the suspension[.]

{¶ 11} Whether Martin's conviction for driving under a lifetime suspension is supported by sufficient evidence depends on whether "permanent revocation" is encompassed within the definition of a class one suspension.  Statutory interpretation is a matter of law subject to de novo review.  *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9.  If a term is not defined in the Revised Code, then the common, everyday meaning of the term governs. *State v. White*, 29 Ohio St.3d 39, 40 (1987).  In 1987, the Ohio Supreme Court noted distinctions between the terms "suspend" and "revoke."  *Id.*  In employing their everyday, common meanings, the Court found "'suspend' ordinarily contemplates the temporary taking away of something."  *Id.*  In contrast, the Court defined "revocation" as "a permanent taking without the expectation of reinstatement."  *Id.*  When the Court discussed this distinction in 1987, however, neither "revocation" nor "suspend" were defined in the Revised Code.  *Id.*

{¶ 12} With the advent of the classification system, "suspension" is now defined in the Revised Code, with the definition dependent upon the classification of the suspension.  In particular, a "class one suspension" is a suspension for "a definite period for the life of the person subject to the suspension[.]"  R.C. 4510.02(A)(1).  The definition contained in the Revised Code of a "class one suspension" is unlike the ordinary definition of "suspend"

- 4 -

defined in *White* as a temporary taking. Rather, the definition contained in the Revised Code of a suspension for the definite period of the life of a person is a permanent taking with no expectation of reinstatement. As such, a "class one suspension" as defined in the Revised Code is synonymous with the ordinary definition of "revocation." Consequently, the permanent revocation of Martin's license under the former statute is a class one suspension under the current statutory scheme.

{¶ 13} This conclusion is further supported by R.C. 4510.02(D), which states:

> When a court or the bureau suspends the driver's license * * *
> any offender or person pursuant to any provision of law that does
> not provide for the suspension to be from a class set forth in
> division (A) or (B) of this section, except as otherwise provided in
> the provision that authorizes or requires the suspension, the
> suspension shall be subject to and governed by this chapter.

In other words, when a court does not provide for a specific class, the suspension is still governed by the classification system. As such, while the trial court did not apply a specific class to the revocation of Martin's license in his 1996 case, the revocation falls under a class one suspension as they both are permanent takings.

{¶ 14} Additionally, while Martin raised concerns that applying the classification modified his sentence and that the statute was being applied retroactively, these concerns are not valid. Ohio Courts do not possess the inherent authority to modify a criminal statute unless given specific statutory authority to do so. *State v. Rowe*, 118 Ohio App.3d 121, 123 (9th Dist.1997). In *Redman*, we specifically held that former R.C. 4507.16 provides no authority to suspend, cancel, or modify a defendant's sentence. *State v. Redman*, 163 Ohio App.3d 686, 2005-Ohio-5474, ¶ 24 (12th Dist.). In this instance, however, we are not modifying Martin's sentence. Rather we are applying the former statutory language to the current statutory scheme, which allows for a permanent revocation of a license to fall under a class one suspension. By concluding Martin's license was a class one suspension does not

modify his criminal sentence. Additionally, we are not applying any statute retroactively. Martin was convicted of violating R.C. 4510.18, which became effective in 2007, and Martin's conviction did not occur until well after its enactment.

{¶ 15} In sum, we find there was sufficient evidence to support Martin's conviction for driving under a lifetime suspension because both revocation and a class one suspension constitute permanent takings. Martin's single assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.