The STATE of Ohio, Appellee,

v.

REDMAN, Appellant.

[Cite as *State v. Redman*, 163 Ohio App.3d 686, 2005-Ohio-5474.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2004–06–073.

Decided Oct. 17, 2005.

Rachel A. Hutzel, Warren County Prosecuting Attorney, and Keith W. Anderson, Assistant Prosecuting Attorney, for appellee.

Allen & Crossley and Paige A. Crossley, for appellant.

POWELL, Presiding Judge.

{¶ 1} Defendant-appellant, Daniel Redman, appeals a decision of the Warren County Court of Common Pleas denying his motion for reinstatement of his driving privileges. We affirm.

{¶ 2} On May 26, 1991, appellant, who was under the influence of alcohol at the time, was involved in a motor vehicle accident that caused the deaths of Jennifer Moistner and Sean Leahy. He originally reached a plea agreement in which he pleaded no contest to two counts of aggravated vehicular homicide in violation of R.C. 2903.06 and two counts of involuntary manslaughter in violation of R.C. 2903.04. The trial court sentenced him to two to ten years of imprisonment, to be served concurrently, for each of the involuntary manslaughter counts.

{¶ 3} The state appealed in *State v. Redman* (1992), 81 Ohio App.3d 821, 612 N.E.2d 416, seeking the mandatory, permanent revocation of appellant's driver's license under the aggravated-vehicular-homicide statute. After this court reversed and remanded the cause to the trial court, appellant withdrew his plea. At a June 1993 jury trial, he was convicted on all four counts. The state elected to have appellant sentenced pursuant to R.C. 2903.04, which addresses in part aggravated felonies of the third degree. He was again sentenced to serve two to ten years concurrently on each involuntary manslaughter count. The court also found that appellant had used a motor vehicle in the commission of the offenses and permanently revoked his driver's license pursuant to former R.C. 4507.16(A). Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1499.

{¶ 4} In October 1996, appellant was released from prison. He later moved the trial court to reinstate driving privileges on September 1, 1998, and May 14, 2004, the latter being the subject of the present appeal. On May 21, 2004,

appellant's motion was denied without hearing. The trial court stated that it did not have the authority to hear appellant's motion, citing the 15–year waiting requirement of R.C. 4510.54(A)(1). Appellant appeals this decision, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} "The trial court erred in determining that it had no discretion to exercise in imposing or limiting the duration of a license revocation under R.C. 4507.16(A)."

{¶ 7} In appellant's first assignment of error, he argues that the trial court erred when it determined that it had no discretion to modify his driver's license revocation under former R.C. 4507.16. We disagree.

{¶ 8} "Ohio trial courts do not possess the inherent authority to suspend, cancel, or modify a criminal sentence once that sentence has been executed, absent specific statutory authority to do so." *State v. Rowe* (1997), 118 Ohio App.3d 121, 123, 691 N.E.2d 1140. See, also, *State v. Prosser*, Hamilton App. No. C–030187, 2003–Ohio–5516, 2003 WL 22358564. Appellant argues that the license revocation pursuant to former R.C. 4507.16(A) was not permanent and cites division (D) as support. He also argues that division (G) confers authority upon the trial court to suspend the revocation.

{¶ 9} We first examine the trial court's revocation of appellant's license and whether it was permanent. In the case at bar, the trial court, after finding appellant used a motor vehicle in the commission of involuntary manslaughter, ordered that appellant's driver's license be permanently revoked pursuant to former R.C. 4507.16(A).

{¶ 10} Former R.C. 4507.16(A) provided the following:

{¶ 11} "The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, *shall suspend for not less than thirty days nor more than three years or revoke* the driver's or commercial driver's license or permit or nonresident operating privilege of any person who is convicted of or pleads guilty to any of the following:

{¶ 12} " * * *

{¶ 13} "(2) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used." (Emphasis added.) Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1499.

{¶ 14} In *State v. White* (1987), 29 Ohio St.3d 39, 29 OBR 388, 505 N.E.2d 632, the Ohio Supreme Court held that former R.C. 4507.16(A) "authorizes a trial court, in its discretion, to permanently revoke a person's operator's license." Id. at syllabus. The court analyzed the General Assembly's use of both "suspend"

and "revoke" that implied the terms were not synonymous. Revocation is a "permanent taking without the expectation of reinstatement." Id. at 40, 29 OBR 388, 505 N.E.2d 632. The court explained that such discretion allowed trial courts to implement the General Assembly's policy of determining the length of the privilege deprivation based upon the severity of the offense.

{¶ 15} Appellant points to former R.C. 4507.16(D) and its use of "permanently" to distinguish his penalty under division (A) on the basis of the doctrine of expressio unius est exclusio alterius.[1]

{¶ 16} Former R.C. 4507.16(D)(1) stated:

{¶ 17} "The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, *shall permanently revoke* the driver's or commercial driver's license or permit or nonresident operating privileges of any person who is convicted of a violation of section 2903.06 or 2903.07 of the Revised Code * * * if the jury or judge as trier of fact in the case in which the person is convicted finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, at the time of the commission of the offense." (Emphasis added.) Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1501–1502.

{¶ 18} Appellant maintains that the use of "permanently" in division (D) to modify "revoke" conveyed the General Assembly's intent for the revocation penalty under divisions (A) and (D) to be different—namely, that former R.C. 4507.16(A) was not a permanent revocation.[2] Some courts have indeed recognized that the use of "permanently" in division (D) distinguishes it from other provisions without the language. See *Rowe,* 118 Ohio App.3d at 126–127, 691 N.E.2d 1140 ("[t]here is an obvious distinction between a simple revocation, which, as provided in the Revised Code itself, might later be altered, and a permanent revocation, for which there are no such escape clauses"); See, also, *State v. Schultz* (Dec. 9, 1998), Pickaway App. No. 98CA07, 1998 WL 880511.

{¶ 19} However, the court in *White* addressed the issue of this distinction and explained that to claim that the penalties were mutually exclusive would ignore the discretion granted to the trial judge under division (A). The fact that division (D) required a mandatory penalty did not preclude the court from exercising a

1. *Garner,* Black's Law Dictionary (8th Ed.Rev.2004) 620, describes this doctrine as "[a] canon of construction holding that to express or include one thing implies the exclusion of the other, or the alternative."

2. The *White* decision alludes to the fact that there are "circumstances under which a person may apply for a new license following revocation, thus implying all revocations may not be permanent." *White,* 29 Ohio St.3d at 41, 29 OBR 388, 505 N.E.2d 632.

similar, albeit discretionary, penalty under division (A). *White*, 29 Ohio St.3d at 41, 29 OBR 388, 505 N.E.2d 632.

{¶ 20} In the case at bar, the trial court explicitly ordered that appellant's driver's license be "permanently revoked," an order within its authority and discretion. Furthermore, the court's language made clear that the penalty imposed was not a simple revocation that might imply the potential for a later reinstatement of appellant's driving privileges but rather a permanent revocation that cannot be altered.

■ {¶ 21} We now examine appellant's contention that former R.C. 4507.16(G) confers authority on trial courts to modify their orders. Former R.C. 4507.16(G) states:

{¶ 22} "No judge shall suspend the first thirty days of suspension of license, permit, or operating privilege required under division (A) of this section, * * * and no judge * * * shall suspend the revocation required by division (C) of this section, except that the court shall credit any period of suspension imposed pursuant to section 4511.191 of the Revised Code against any time of suspension imposed pursuant to division (B) of this section."[3] Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1503.

{¶ 23} While division (G) implies that a trial judge may suspend a license suspension under former R.C. 4507.16(A) after the first 30 days, the statute does not provide any authority to suspend a revocation imposed pursuant to former R.C. 4507.16(A). Furthermore, for reasons similarly described above, the mere mention that the revocation under division (C) shall not be suspended does not necessitate a contrary determination that the revocation under division (A) can be suspended.

{¶ 24} Thus, we find that the trial court had no statutory authority to suspend, cancel, or modify appellant's criminal sentence under former R.C. 4507.16(G). Accordingly, appellant's first assignment of error is overruled.

{¶ 25} Assignment of Error No. 2:

{¶ 26} "The trial court erred in treating appellant's license revocation as a class a suspension."

■ {¶ 27} In appellant's second assignment of error, he claims that the trial court erred when it found it had no discretion to consider a motion for reinstatement until at least 15 years have elapsed since the suspension began, pursuant to

---

**3.** Mention of division (C) was a legislative error that was later clarified to refer to the revocation penalty imposed pursuant to division (D). See Am.Sub.H.B. No. 107, 146 Ohio Laws 779, 840; *State v. Schultz*, Pickaway App. No. 98CA07, 1998 WL 880511.

R.C. 4510.54(A)(1). He argues that the class suspension system as described in the current Chapter 4510 of the Revised Code does not apply retroactively to his license revocation.[4] We disagree.

{¶ 28} Section 28, Article II, of the Ohio Constitution states, "The General Assembly shall have no power to pass retroactive laws." The constitutional prohibition against retroactive laws applies only to laws of a substantive nature and not to laws of a procedural or remedial nature. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 107, 522 N.E.2d 489; *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, 45 O.O.2d 370, 242 N.E.2d 658. Substantive law is defined as "that which creates duties, rights and obligations," while procedural or remedial law "prescribes the methods of enforcement of rights or obtaining redress." Id. at 72, 45 O.O.2d 370, 242 N.E.2d 658.

{¶ 29} In 2002, the General Assembly passed the Traffic Reform Act, Am.Sub. S.B. No. 123, to be effective on January 1, 2004. Among its numerous provisions, the legislature eliminated the use of the "revocation" language with respect to driver's license penalties, instead adopting definite periods of suspension categorized by classes. R.C. 4501.54 provides the following:

{¶ 30} "(A) A person whose driver's or commercial driver's license has been suspended for life under a class one suspension or as otherwise provided by law or has been suspended for a period in excess of fifteen years under a class two suspension may file a motion with the sentencing court for modification or termination of the suspension. A motion under this division may be heard only once. The person filing the motion shall demonstrate all of the following:

{¶ 31} "(1) At least fifteen years have elapsed since the suspension began."

{¶ 32} We hold that the application of R.C. 4510.54(A)(1) does not violate the constitutional prohibition against retroactive laws. The statute in question falls within the definition of "remedial" because it has no effect on substantial rights, but rather provides a course of procedure for the enforcement of rights. Further support for this determination can be found in 2003 Am.Sub.H.B. No. 163, in which the General Assembly amended the earlier bill.

{¶ 33} As originally passed, Section 5 of the Traffic Reform Act stated, "Notwithstanding division (B) of section 1.58 of the Revised Code, the provisions of the Revised Code amended or enacted in Section 1 and 2 of this act shall apply only in relation to conduct and offenses committed on or after January 1, 2004. Conduct and offenses committed prior to January 1, 2004, shall be governed by

---

4. We examine the proper application of R.C. 4510.54 to the facts of the case at bar notwithstanding appellant's second assignment of error which, as presented, works against his interest.

the law in effect on the date the conduct or offense was committed." Am.Sub. S.B. No. 123, 149 Ohio Laws, Part II, 2467, 3212.

{¶ 34} However, the legislature repealed and replaced this section. Retaining nearly identical language from Section 5 and designating it as division (A), 2003 Am.Sub.H.B. No. 163 also added the following provisions:

{¶ 35} "(B)(1) Notwithstanding division (A) of this section, all of the following apply to conduct or an offense committed prior to January 1, 2004:

{¶ 36} " * * *

{¶ 37} "(c) A person whose license, permit, or privilege was suspended, canceled, or revoked for life may file a motion for modification or termination of the suspension, cancellation, or revocation in accordance with section 4510.54 of the Revised Code."

{¶ 38} Thus we find the trial court did not err when it determined that it did not have discretion to hear appellant's motion for reinstatement because 15 years have not elapsed from the date the revocation began. Accordingly, appellant's second assignment of error is overruled.

Judgment affirmed.

YOUNG and BRESSLER, JJ., concur.