OPINION
{¶ 1} The defendant-appellant, Donnie R. Neace, Jr. ("Neace"), appeals the judgment of the Mercer County Common Pleas Court overruling his motion for limited driving privileges.
 {¶ 2} In 1998, the Mercer County Grand Jury indicted Neace on two counts of aggravated vehicular homicide, violations of R.C.2903.06(A), third degree felonies. The indictment resulted after Neace operated and wrecked a boat while under the influence of alcohol. The collision killed Neace's wife and a friend who were passengers on the boat. The case proceeded to jury trial, and Neace was convicted on both counts. On July 29, 1999, the trial court ordered Neace to serve an aggregate prison term of six years and permanently revoked his driver's license. Neace served his prison term and was released on July 26, 2005.
 {¶ 3} On November 3, 2005, Neace filed a motion to fully restore his driving privileges, or in the alternative, to grant limited driving privileges for occupational and educational purposes. The trial court apparently held some type of pre-hearing conference on November 30, 2005. On December 30, 2005, Neace filed a "pre-hearing memorandum", and on January 20, 2006, the State filed its memorandum in response to Neace's motion. The trial court filed its judgment entry on January 25, 2006, denying Neace's motion. The trial court relied on State v.Redman, 12th Dist. No. CA2004-06-073, 2005-Ohio-5474, and held that Neace had failed to establish that 15 years had passed since the license was suspended, which is required under R.C.4510.54 to modify or terminate a driver's license suspension. Neace appeals the trial court's judgment and asserts the following assignment of error:
The trial court erred in ruling that Donnie Ray Neace is noteligible to receive limited driving privileges.
 {¶ 4} In support of his assignment of error, Neace contends he sought limited driving privileges to get to and from work, to make service calls, and to attend educational courses as part of his employment, pursuant to R.C. 4510.021(A)(1). Neace contends that a grant of limited driving privileges does not modify or terminate the license suspension imposed by the trial court. Neace argues that a license suspension is not altered in any way when limited driving privileges are granted because the person does not receive a driver's license and does not go through the reinstatement process. In response, the State contends that R.C.4510.54 requires at least 15 years to lapse from the time of the suspension in order to modify or terminate the license suspension. The State argues that granting limited driving privileges under R.C. 4510.021 modifies the suspension, so the provisions of R.C. 4510.54 apply to this case. The State contends that any change, which would allow Neace to drive modifies his license suspension.
 {¶ 5} Neace was sentenced in July 1999. While Neace was serving his prison term, the General Assembly enacted the Traffic Reform Act, effective January 1, 2004. The Traffic Reform Act created R.C. 4510.021 and 4510.54. The Twelfth District Court of Appeals expressly held that R.C. 4510.54 was not an unconstitutionally retroactive law. Redman, supra at ¶ 32. Likewise, the Eleventh District Court of Appeals has implied that R.C. 4510.54 applies retroactively. Neace has not challenged whether R.C. 4510.54 operates retroactively, and we will not address the issue. See App.R. 16(A)(7).
 {¶ 6} This case presents an issue of first impression since we have found no case law concerning R.C. 4510.021. Limited driving privileges may be granted under R.C. 4510.021(A), which states:
[u]nless expressly prohibited by section 2919.22, section4510.13, or any other section of the Revised Code, a courtmay grant limited driving privileges for any purposedescribed in division (A)(1), (2), or (3) of this section duringany suspension imposed by the court. In granting the privileges,the court shall specify the purposes, times, and places of theprivileges and may impose any other reasonable conditions on theperson's driving of a motor vehicle. The privileges shall be forany of the following limited purposes:
 (1) Occupational, educational, vocational, or medicalpurposes;
 (2) Taking the driver's or commercial driver's licenseexamination;
 (3) Attending court-ordered treatment.
(emphasis added). The statute is clear and unambiguous that the trial court has discretion to grant or deny limited driving privileges. Therefore, absent an abuse of discretion the trial court's decision will not be reversed on appeal. See State v.Rumley, 4th Dist. No. 90-CA-21, 1991 WL 110005, at * 2 (trial court's decision to grant or deny occupational driving privileges under former R.C. 4507.16(E) will not be disturbed absent an abuse of discretion). An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 7} As Neace has correctly argued, neither R.C. 2919.22 nor 4510.13 apply in this case. However, the State argues, and the trial court found, that R.C. 4510.54 prohibits the trial court from granting limited driving privileges to Neace. R.C.4510.54(A) states in pertinent part:
A person whose driver's * * * license has been suspended forlife under a class one suspension or as otherwise provided by law* * * may file a motion with the sentencing court formodification or termination of the suspension. The person filingthe motion shall demonstrate all of the following:
 (1) At least fifteen years have elapsed since the suspensionbegan.
R.C. 4510.54(A) is clearly included as "any other section of the Revised Code", and its language is clear and unambiguous. The common meaning of "modification" is "a change to something; an alteration[.]" Blacks' Law Dictionary, (7th Ed. Rev. 1999) 1020. Were the trial court to grant limited driving privileges, Neace's suspension would be altered. Neace has cited no authority to support his argument that a grant of limited driving privileges does not modify a driver's license suspension. Clearly, 15 years had not lapsed between the time of suspension (July 1999) and the time Neace filed his motion (November 2005). On this record, we cannot find that the trial court abused its discretion. The sole assignment of error is overruled.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.