OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the May 29, 2007 Judgment Entry of the Fairfield County Court of Common Pleas granting Defendant-appellee Thomas E. Thacker's motion to suppress evidence.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts are not disputed on appeal: On March 23, 2006, Appellee was involved in an automobile accident with a horse-drawn buggy. The accident occurred at approximately 7:09 p.m. A breath-test was conducted on Appellee at approximately 9:18 p.m. Subsequently, Appellee was indicted on two counts of aggravated vehicular assault.
 {¶ 3} On February 15, 2007, Appellee filed a motion to suppress the results of his breath test on the basis the test was not completed within the statutorily imposed time restriction, pursuant to R.C. 4511.19(D). Via Judgment Entry of May 29, 2007, the trial court granted the motion to suppress.
 {¶ 4} The State now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR AS A MATTER OF LAW IN SUPPRESSING THE BREATH-TEST RESULTS BY IMPROPERLY APPLYING THE PRE-AMENDED VERSION OF R.C. § 4511.19(D)(1)(B)."
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, *Page 3 597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor (1993),85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra.
 {¶ 7} In the case sub judice, the State contends the trial court applied the incorrect law to the stipulated facts. Accordingly, we review the trial court's ruling de novo.
 {¶ 8} Appellant was charged with violating Ohio Revised Code Section 4511.19. Subsection (D) requires the collection of bodily substances for alcohol or drug testing be collected within a specified time of the violation. The current version of the statute provides, in pertinent part:
 {¶ 9} "In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section or for an equivalent offense, the court may admit evidence on the concentration of alcohol, drugs of abuse, controlled substances, metabolites of a controlled substance, or a combination of them in the defendant's *Page 4 
whole blood, blood serum or plasma, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the substance withdrawn within three hours of the time ofthe alleged violation. * * *" (Emphasis added.)
 {¶ 10} This current version was amended effective August 17, 2006. The prior version of the statute set forth a two-hour time limitation.
 {¶ 11} On appeal, the State asserts the trial court should have retroactively applied the current version of subsection (D) to the case sub judice. The application of the amended version of R.C. 4511.19(D)(1)(b) would result in a contrary legal conclusion, preserving the admissibility of the breath test results.
 {¶ 12} In order to determine whether a statute is to apply retroactively, the first step is "to determine whether the General Assembly expressly intended the statute to apply retroactively."Bielat v. Bielat (2000), 87 Ohio St.3d 350. This question must be answered first based upon R.C. 1.48, which provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." In fact, an "[i]nquiry into whether a statute may be constitutionally applied retrospectively continues only after an initial finding that the General Assembly expressly intended that the statute be applied retrospectively." State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, 772 N.E.2d 1172, ¶ 14, citing Van Fossen v. BabcockWilcox Co. (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph two of the syllabus; Bielat, 87 Ohio St.3d at 353, 721 N.E.2d 28; State ex rel.Kilbane v. Indus. Comm. (2001), 91 Ohio St.3d 258, 259, 744 N.E.2d 708.
 {¶ 13} The next issue to be determined is whether the statute is substantive or remedial. Bielat, 87 Ohio St.3d at 354, 721 N.E.2d 28. If a statute is retroactive and *Page 5 
substantive, then it violates the constitutional prohibition against retroactivity. Id. at 353, 721 N.E.2d 28. However, if a retroactive statute is merely remedial, then it does not offend the Ohio Constitution and will not be declared invalid. Id. at 354,721 N.E.2d 28.
 {¶ 14} The State maintains the broad language used by the General Assembly in drafting the amended version of R.C. 4511.19(D) evidences the legislature's intent to apply the provisions retroactively. Particularly, the State cites the "in any criminal prosecution" language utilized in the statute, arguing that language, broadly construed, includes each and every criminal prosecution arising under subsection (A) and (B). Therefore, as divisions (A) and (B) of the statute were already in effect prior to the amendment in 2006, the legislature must have intended to apply the amendment to subsection (D) retroactively.
 {¶ 15} The Supreme Court recently addressed the issue of retroactive application of statutory amendments in its decision of Hyle v.Porter, 2008-Ohio-542:
 {¶ 16} "We therefore begin our retroactivity analysis with the question of statutory interpretation. Pursuant to R.C. 1.48, if the statute is silent on the question of its retroactive application, we must apply it prospectively only. Doe v. Archdiocese of Cincinnati,109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 40. In order to overcome the presumption that a statute applies prospectively, a statute must "clearly proclaim" its retroactive application. Consilio,114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, paragraph one of the syllabus. Text that supports a mere inference of retroactivity is not sufficient to satisfy this standard; we cannot infer retroactivity from suggestive language. Id.
 {¶ 17} "* * * *Page 6 
 {¶ 18} "On review of the text of R.C. 2950.031, we find that neither the description of convicted sex offenders nor the description of prohibited acts includes a clear declaration of retroactivity. Although we acknowledge that the language of R.C. 2950.031 is ambiguous regarding its prospective or retroactive application, we emphasize that ambiguous language is not sufficient to overcome the presumption of prospective application. The language in R.C. 2950.031 presents at best asuggestion of retroactivity, which is not sufficient to establish that a statute applies retroactively."
 {¶ 19} We find the language "in any criminal prosecution" is ambiguous and although it may suggest a legislative intent to apply the amended provisions of subsection (D) retroactively, the mere suggestion or inference of retroactivity is not sufficient to overcome the presumption of prospective application.
 {¶ 20} Accordingly, the trial court did not err in applying the pre-amended version of the statute because the subject breath test was performed on March 23, 2006, prior to the amendment of subsection (D). *Page 7 
 {¶ 21} The May 29, 2007 Judgment Entry of the Fairfield County Court of
Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 29, 2007 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to Appellant State of Ohio. *Page 1