JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, appellant the State of Ohio appeals the decision of the trial court that modified appellee Thomas Bahr's sentence and granted him occupational driving privileges. The State sets forth the following error for our review:
 "The trial court erred by modifying appellee's lifetime driver's license suspension where the appellee could not prove he was eligible for modification as required by statute."
 {¶ 2} Having reviewed the record and requisite law, we reverse the trial court's modification. The apposite facts follow.
 History {¶ 3} On February 18, 2005, Bahr pled guilty to one count of operating a vehicle while under the influence of alcohol (DUI), with four furthermore specifications for four prior DUI convictions. He also pled guilty to one count of failure to comply with the order or signal of a police officer. On March 25, 2005, the trial court sentenced him to one year in prison for the failure to comply with an officer's order and signal and six months for the DUI, to run consecutive to each other. The court also suspended Bahr's driver's license for life.
 {¶ 4} On October 15, 2007, Bahr filed a motion with the trial court to terminate the license suspension or in the alternative, allow him work privileges *Page 4 
with an interlock guardian. On October 21, 2007, the trial court denied the motion.
 {¶ 5} On February 13, 2008, Bahr again filed a motion to terminate his driver's license suspension, or in the alternative, allow him work privileges with an interlock guardian. On February 15, 2008, the trial court granted his motion as to work privileges with an interlock guardian.
 Modification {¶ 6} In its sole assigned error, the State argues the trial court erred by modifying Bahr's lifetime driver's license suspension because fifteen years had not elapsed pursuant to R.C. 4510.54. We agree.
 {¶ 7} "Ohio trial courts do not possess the inherent authority to suspend, cancel, or modify a criminal sentence once that sentence has been executed, absent specific statutory authority to do so."[1]
Limited driving privileges may be granted under R.C. 4510.021(A), which states:
 "Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A) (1), (2), or (3) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable *Page 5 
conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:
 "(1) Occupational, educational, vocational, or medical purposes[.]"(emphasis added).
 {¶ 8} Thus, the trial court does have the authority to grant limited driving privileges as long as R.C. 2919.22, 4510.13 or any other section of the Revised Code does not prohibit it. R.C. 4510.54 prohibits the trial court from granting limited driving privileges for licenses suspended for life or for more than 15 years unless the requirements set forth in the statute are met. The first requirement is that "at least fifteen years have elapsed since the suspension began." In the instant case, less than three years had elapsed. Thus, pursuant to R.C. 4510.54
the trial court was without authority to modify the license suspension prior to the elapse of fifteen years.[2]
 {¶ 9} Bahr acknowledges that the R.C. 4510.54 requirement of fifteen years was not met. However, he argues nonetheless that a life suspension for a "fourth" DUI is unreasonable. However, Bahr's recent conviction was actually his fifth conviction in a five year period of time, not four. Pursuant to R.C. 4511.19(G)(1)(d), this places his most recent conviction into the class two *Page 6 
category for determining license suspension terms.[3]
R.C. 4510.02(A)(2) provides that the period for a class two suspension is a definite period of three years to life. Thus, in spite of Bahr's contention that a life suspension was unreasonable, the trial court's original suspension for life was within the range prescribed by statute and legally imposed.[4]
 {¶ 10} We conclude that because the trial court was without the authority to modify the sentence prior to the elapse of fifteen years, the trial court improperly granted Bahr's motion to modify his suspension. The state's sole assigned error is sustained.
Judgment reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] State v. Rowe (1997), 118 Ohio App.3d 121, 123.
[2] State v. Neace, 3rd Dist. No. 10-06-04,2006-Ohio-3072; State v. Redman, 163 Ohio App.3d 686,2005-Ohio-5474.
[3] R.C. 4510.02(A).
[4] State v. Beasley (1984), 14 Ohio St.3d 74, 75; State v.Finney (1996), 114 Ohio App.3d 74, 77. *Page 1