[Cite as *State v. Gambill*, 2012-Ohio-5437.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 2-11-28

     v.

MICHAEL S. GAMBILL,             O P I N I O N

     DEFENDANT-APPELLANT.


**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2011 CR 11**

**Judgment Affirmed**

**Date of Decision:   November 26, 2012**


APPEARANCES:

    *Robert W. Kehoe*  for Appellant

    *Andrew Augsburger*  for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant Michael S. Gambill ("Gambill") appeals the November 14, 2011, judgment of the Auglaize County Court of Common Pleas denying his motion for driving privileges.

{¶2} The facts relevant to this appeal are as follows. On January 10, 2011, the Auglaize County Grand Jury indicted Gambill on two counts of trafficking in marijuana in violation of R.C. 2925.03(A)(1)(C)(3)(a), felonies of the fifth degree. Gambill originally entered pleas of not guilty to both counts.

{¶3} Pursuant to a plea agreement, Gambill agreed to plead guilty to Count One of his indictment for the sale of 1/8th of an ounce of marijuana and the State agreed to dismiss Count Two of the indictment. A change of plea hearing was held on March 23, 2011, and the trial court accepted Gambill's guilty plea to Count One and granted the State's motion to dismiss Count Two.

{¶4} A sentencing hearing was held on April 28, 2011.[1] On April 29, 2011, the trial court entered its judgment entry sentencing Gambill to five years of community control. Among the terms of Gambill's community control was a provision that he obtain and maintain full-time employment. As part of Gambill's sentence, Gambill's license was also suspended for five years.

---

[1] No transcripts of this hearing were filed with this court.

{¶5} On November 10, 2011, Gambill filed a motion for driving privileges pursuant to R.C. 2925.03. Gambill's motion sought driving privileges to allow him "to drive to and from work, the children's day care for the times that he is at work, any medical visits for the children and to and from the grocery for the children's purposes." (Doc. 76). The basis for the motion was that Gambill had obtained full time employment, as required by the terms of his community control, in Botkins, Ohio, but Gambill resided in St. Marys, Ohio. According to Gambill, there was no public transportation in his area to get him to and from work.

{¶6} On November 14, 2011, the trial court denied Gambill's motion for driving privileges. The court's entry stated "after considering the Motion and the record, [the court] finds that said Motion is not well taken and the same is DENIED." (Doc. 80).

{¶7} It is from this judgment that Gambill appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE [TRIAL COURT] ABUSED [ITS] DISCRETION IN THIS CASE WHEN [IT] FAILED TO GRANT DRIVING PRIVILEGES TO THIS APPELLANT, A HUMAN BEING ON FIVE YEARS OF COMMUNITY CONTROL SANCTIONS FOR A CONVICTION OF SELLING 1/8TH OUNCE OF MARIJUANA, AFTER HE SERVED THE FIRST SIX MONTHS OF THE MANDATORY SUSPENSION, OBTAINED EMPLOYMENT, HAS TWO YOUNG CHILDREN TO FEED AND CARE, PASSED A CLEAN**

**DRUG TEST, HAS PROOF OF CAR INSURANCE, HAS PAID HIS FINE AND COSTS, NO OBJECTION WAS WRITTEN AND SUBMITTED BY THE PROSECUTING ATTORNEY ON THE MOTION, THE [APPELLANT] RESIDES IN A RURAL AREA ABSENT PUBLIC TRANSPORTATION, AND WHEN THE SAME JUDGE AT THE SAME TIME BY CONFLICTION (SIC) ORDERED HIM TO OBTAIN AND MAINTAIN FULL TIME EMPLOYMENT.**

{¶8} In his assignment of error, Gambill argues that the trial court's denial of his motion for driving privileges was arbitrary, unreasonable, and unconscionable. Gambill also contends that the provision of his sentence suspending his license and the provision of his community control requiring Gambill to maintain employment were conflicting, rendering the order void.

{¶9} The decision of a trial court to grant or deny driving privileges will not be disturbed absent an abuse of discretion. *State v. Neace*, 3d Dist. No. 10-06-04, 2006-Ohio-3072, ¶ 6. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id*.

{¶10} The granting of limited driving privileges is governed by R.C. 4510.021, which reads, in part,

**(A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may**

> **grant limited driving privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:**
>
> **(1) Occupational, educational, vocational, or medical purposes[.]**

There is no statute that prohibits the trial court from granting limited driving privileges in this case. However, pursuant to the statute, the trial court is not required to grant privileges and it is left to the discretion of the trial court. *See* R.C. 4510.021; *Neace*, *supra*.

{¶11} In Gambill's motion for driving privileges, Gambill requested findings of fact and conclusions of law to support the court's decision. The court denied Gambill's motion stating that the court had reviewed Gambill's "motion *and* the record" in coming to its decision. (Emphasis added.) (Doc. 80). The record the court stated that it had reviewed included documents pertaining to this case and a full pre-sentencing investigation ("PSI") containing Gambill's criminal history. The PSI revealed that Gambill had several juvenile offenses and multiple offenses as an adult. Gambill's adult offenses included driving related offenses such as two OVIs and a conviction for driving without a valid license. The offenses also included multiple convictions for drug possession. Thus, while the

court did not specifically enumerate in its entry the factors weighing against Gambill's motion, the court did state that it had reviewed Gambill's motion and the record, which in itself contained numerous factors in support of the court's decision.

{¶12} Moreover, Gambill's argument that the trial court's orders were arbitrary, unreasonable, unconscionable, and conflicting (and therefore void) presupposes that there is no way for Gambill to get to work other than via public transportation, or for Gambill to drive himself. There are, however, a variety of other ways Gambill could get to work. He could get a ride from a coworker, he could get a ride from a family member or friend, or he could bike to work. Gambill's argument also presupposes that the record affirmatively establishes that Gambill is unable to secure any other employment closer to his residence, or employment to which he could be readily transported. There is nothing in the record establishing that Gambill was unable to secure such alternative employment. Thus we find nothing in the record to prove that the order was conflicting on its face, and therefore void, and we similarly find nothing in the record establishing that the trial court's decision was arbitrary, unreasonable, or unconscionable. Accordingly, Gambill's assignment of error is overruled.

{¶13} For the foregoing reasons the judgment of the Auglaize County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**