[Cite as *State v. Manocchio*, 2012-Ohio-5720.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98473

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## GIOVANNI MANOCCHIO

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-435289

**BEFORE:**   Stewart, P.J., Cooney, J., and Keough, J.
**RELEASED AND JOURNALIZED:**   December 6, 2012

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Diane Smilanick
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


**ATTORNEY FOR APPELLEE**

John D. Mizanin
Harvey B. Bruner Co., LPA
The Hoyt Block Building
700 W. St. Clair Avenue, No. 110
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶1} In May 2003, defendant-appellee Giovanni Manocchio pleaded guilty to driving while under the influence. It appears that this was his fourth DUI offense, so he pleaded guilty to a third degree felony violation of R.C. 4511.19. The court sentenced him to one year in prison, ordered him to pay a fine of $1,000, and further ordered a "lifetime driver's license suspension." In February 2012, Manocchio filed a motion for driving privileges. The court granted the motion over the state's objection, granting Manocchio "driving privileges solely during daylight hours." As conditions of granting limited driving privileges, the court required that Manocchio's vehicle bear specialized license plates for DUI offenders and that he install an interlock device on the vehicle to prevent its operation if the driver is impaired. We granted the state leave to appeal on its claim that the grant of limited driving privileges constituted a modification of Manocchio's lifetime license suspension and could not be granted until 15 years had elapsed from the start of that suspension.

{¶2} Although it is unclear from the record, it appears that the court imposed Manocchio's license suspension under R.C. 4511.19(G)(1)(e)(iv), which is the only section that defines a DUI offense as a third degree felony. That section states that the court shall sentence an offender who had previously been convicted of a felony DUI

offense to a "class two license suspension" from the range specified in R.C. 4510.02(A)(2). R.C. 4510.02(A)(2) provides for a license suspension range of "a definite period of three years to life[.]"

{¶3} A license suspension is not necessarily a complete bar to all driving during the term of suspension. R.C. 4511.19(G)(1)(e)(iv) permits the court to "grant limited driving privileges relative to the suspension under sections 4510.021 and 4510.13 of the Revised Code." As applicable here, R.C. 4510.021(A)(1) states that driving privileges shall be limited to "[o]ccupational, educational, vocational, or medical purposes[.]" And R.C. 4510.13(B) specifically allows a person whose license has been suspended pursuant to R.C. 4511.19 to file a petition for limited driving privileges during the suspension.

{¶4} The state does not argue on appeal that the court abused its discretion by granting Manocchio limited driving privileges, nor does it contest the purpose for granting the limited privileges. The state's sole argument is that the court was barred from granting driving privileges because the statutory minimum of 15 years had not elapsed since the suspension began.

{¶5} R.C. 4510.021(A) expressly states that the court's ability to grant limited driving privileges is allowed "[u]nless expressly prohibited by section 2919.22, section 4510.13, *or any other section of the Revised Code * * *.*" (Emphasis added.) The state cites former R.C. 4510.54(A)(1)(a),[1] which at the time of the court's hearing stated that

_____

[1] R.C. 4510.54 was subsequently amended effective September 28, 2012.

the court may modify or terminate a lifetime, class two license suspension, but only if the person filing the motion demonstrates, among other things, that "[a]t least fifteen years have elapsed since the suspension began[.]" The state argues that Manocchio's driver's license suspension began in 2003, so 15 years had not elapsed as required by the statute and the court had no authority to modify the suspension to permit Manocchio to have limited driving privileges.

{¶6} The state's argument assumes that the court's decision to grant limited driving privileges constituted a "modification" of the license suspension. This assumption is based on language in *State v. Neace*, 3d Dist. No. 10-06-04, 2006-Ohio-3072, stating that limited driving privileges constitute an "alteration" of the original suspension and is thus a "modification" of the original suspension. *Id.* at ¶ 7.

{¶7} Respectfully, we do not believe that *Neace* and a similar decision from this court, *State v. Bahr*, 8th Dist. No. 91667, 2009-Ohio-141, control the outcome in this case because they did not differentiate and give effect to various terms used by the General Assembly in defining the scope of license suspensions.

{¶8} The court is allowed to "suspend" or "terminate" a license suspension. *See* R.C. 4510.03(A). The court may also grant limited driving privileges during the term of a suspension. *See* R.C. 4510.021(A). *Neace* and *Bahr*, however, make the word

"modification" all-encompassing to the point that they equate a grant of limited driving privileges with a modification of a license suspension.

{¶9} R.C. 4510.021(A) allows the court to grant limited driving privileges "during any suspension imposed by the court." From this language it follows that a grant of limited driving privileges does not change or alter the suspension itself. A lifetime license suspension is still a lifetime license suspension even if a driver is granted limited driving privileges because the original terms of the suspension remain in force — those terms have been neither modified nor terminated.

{¶10} Our conclusion that driving privileges are different in kind than modifications of license suspensions is reinforced by the express language of R.C. 4510.13(A)(5)(g)(i). That section states that "[o]n or after the first three years of suspension [imposed under division (G)(1)(d) or (e) of section 4511.19 of the Revised Code], the court may grant limited driving privileges * * *." This express language relating to limited driving privileges has independent legal significance. As a matter of statutory construction, the express language of R.C. 4510.13(A)(5)(g) relating to limited driving privileges during the term of a suspension controls over the more general language relating to an amorphous "modification" of a license suspension R.C. 4510.54(A). *See State ex rel. Wellington v. Kobly*, 112 Ohio St.3d 195, 2006-Ohio-6571, 858 N.E.2d 798, ¶ 25.

**{¶11}** The General Assembly went to great lengths in R.C. 4510.13(A) to describe the conditions under which the court may order limited driving privileges. It also stated very specifically that the discretion to grant limited driving privileges was expressly limited by certain terms in R.C. 2919.22 and 4510.13. To be sure, the General Assembly threw in the catchall proviso of "or any other section of the Revised Code" as a way of limiting the discretion to grant driving privileges. But given the specificity with which the General Assembly defined the contours of limited driving privileges, we do not believe that the General Assembly intended to have the word "modification" as used in R.C. 4510.54(A) serve as an express prohibition to granting limited driving privileges.

**{¶12}** We therefore hold that the 15-year time period set forth in R.C. 4510.54(A) is inapplicable to limited driving privileges and that the court had the authority to grant those privileges to Manocchio.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;

COLLEEN CONWAY COONEY, J., DISSENTS
WITH SEPARATE OPINION


COLLEEN CONWAY COONEY, J., DISSENTING:

{¶14} I respectfully dissent. I would reverse the trial court's judgment on two grounds: it fails to specify an acceptable purpose for granting privileges under R.C. 4510.021, and 15 years has not elapsed to allow the modification Manocchio seeks.

{¶15} R.C. 4510.54(A) provides:

Except as provided in division (F) of this section, a person whose driver's or commercial driver's license has been suspended for life under a class one suspension or as otherwise provided by law or has been suspended for a period in excess of fifteen years under a class two suspension may file a motion with the sentencing court for modification or termination of the suspension. The person filing the motion shall demonstrate all of the following:

(1) At least fifteen years have elapsed since the suspension began.

{¶16} Thus, under R.C. 4510.54, the court may not modify or terminate the suspension for at least fifteen years after the suspension began. In contrast, Manocchio claims he is entitled to driving privileges under R.C. 4510.021, which provides, in pertinent part:

(A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving

privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:

(1) Occupational, educational, vocational, or medical purposes;

(2) Taking the driver's or commercial driver's license examination;

(3) Attending court-ordered treatment.

**{¶17}** In a closely analogous case, this court held:

[T]he trial court does have the authority to grant limited driving privileges as long as R.C. 2919.22, 4510.13 or any other section of the Revised Code does not prohibit it. R.C. 4510.54 prohibits the trial court from granting limited driving privileges for licenses suspended for life or for more than 15 years unless the requirements set forth in the statute are met. The first requirement is that "at least fifteen years have elapsed since the suspension began." In the instant case, less than three years had elapsed. Thus, pursuant to R.C. 4510.54 the trial court was without authority to modify the license suspension prior to the elapse of fifteen years.

*State v. Bahr*, 8th Dist. No. 91667, 2009-Ohio-141, ¶ 8, citing *State v. Neace*, 3d Dist. No. 10-06-04, 2006-Ohio-3072; *State v. Redman*, 163 Ohio App.3d 686, 2005-Ohio-5474, 839 N.E.2d 1001 (12th Dist.).

**{¶18}** I would follow the precedent set forth in *Bahr* and reverse. The court had no discretion to modify Manocchio's driver's license suspension because it had not been at least 15 years since the suspension began. After 15 years, the court would have discretion to consider this modification. Because he was told he could not drive during his lifetime, I would view driving privileges as a modification of his lifetime suspension. And the statute clearly requires that the court specify the purposes, times, and places of any

privileges. The trial court's entry that merely specifies "daytime hours only" does not satisfy this requirement.

{¶19} Therefore, I would reverse the judgment and vacate the granting of limited driving privileges.