[Cite as *State v. Gregoire*, 2020-Ohio-415.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-04-066 |
| | : | O P I N I O N |
| - vs - | | 2/10/2020 |
| | : | |
| CHRISTOPHER J. GREGOIRE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-09-1383

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rittgers & Rittgers, Neal D. Schuett, 121 West High Street, Oxford, OH 45056, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Christopher Gregoire, appeals a decision of the Butler County Court of Common Pleas denying his motion for limited driving privileges.

{¶ 2} Gregoire was indicted in October 2015 on one count of operating a vehicle while under the influence of alcohol ("OVI"), a fourth-degree felony, and one count of driving under OVI suspension. At the time of the indictment, Gregoire had already been convicted

of OVI on three prior occasions within the previous six years. On January 4, 2016, Gregoire pled guilty to the fourth-degree felony OVI; the driving under OVI suspension charge was dismissed. Following a sentencing hearing on February 17, 2016, the trial court sentenced Gregoire to 12 months in prison. The trial court further suspended Gregoire's driver's license for a period of six years that was to expire on February 16, 2022.[1]

{¶ 3} At the time Gregoire was convicted and sentenced, R.C. 4510.13(A)(3) prohibited a trial court from granting limited driving privileges to a person whose driver's license had been suspended pursuant to R.C. 4511.19(G) "if the offender, within the *preceding six years*, has been convicted of or pleaded guilty to three or more [OVI] violations." (Emphasis added.) R.C. 4510.13(A)(3) was amended by Sub.H.B. No. 388 ("H.B. 388") on April 6, 2017, and now prohibits a trial court from granting limited driving privileges to a person whose driver's license has been suspended pursuant to R.C. 4511.19(G) "if the offender, within the *preceding ten years*, has been convicted of or pleaded guilty to three or more [OVI] violations." (Emphasis added.)

{¶ 4} On March 4, 2019, Gregoire moved to terminate his driver's license suspension or, alternatively, for limited driving privileges. Gregoire argued that the trial court should apply the six-year look-back period set forth in the former R.C. 4510.13(A)(3) that was in effect at the time of his conviction, and not the ten-year look-back period set forth in the newly amended R.C. 4510.13(A)(3). Gregoire argued that applying the ten-year look-back period to convictions committed prior to the April 6, 2017 amendment of the statute would operate as an unconstitutional ex post facto application of the law in violation of the United States and Ohio Constitutions.

---

1. At sentencing, the trial court suspended Gregoire's driver's license for a period of six years. However, the trial court's original sentencing entry erroneously suspended Gregoire's driver's license for a period of six months. The trial court corrected the clerical error via a nunc pro tunc entry on August 8, 2018.

{¶ 5} On March 29, 2019, the trial court denied Gregoire's motion. The trial court found that applying the ten-year look-back period would not operate as an unconstitutional ex post facto application of the law because amended R.C. 4510.13(A)(3) was remedial, as opposed to substantive, in that "it has no effect on substantial rights, but rather provides a course of procedure for the enforcement of rights." In so holding, the trial court relied on this court's opinion in *State v. Redman*, 163 Ohio App.3d 686, 2005-Ohio-5474 (12th Dist.).

{¶ 6} Gregoire now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. GREGOIRE'S MOTION FOR DRIVING PRIVILEGES.

{¶ 8} Gregoire argues the trial court erred in denying his motion for limited driving privileges by applying the ten-year look-back period set forth in amended R.C. 4510.13(A)(3). Gregoire asserts that amended R.C. 4510.13(A)(3) was not intended to be applied retroactively by the General Assembly. Gregoire further asserts that the retroactive application of the ten-year look-back period amounts to an unconstitutional ex post facto law in violation of the United States and Ohio Constitutions.

{¶ 9} It is well settled that a statute is presumed to apply prospectively unless expressly declared to be retroactive. R.C. 1.48; *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 9. Section 28, Article II of the Ohio Constitution, in turn, prohibits the General Assembly from passing retroactive laws. Applying these two provisions, the Supreme Court of Ohio has established a two-part test to determine whether a statute may be applied retroactively. *Id.* at ¶ 10.

{¶ 10} Under this test, a court must first determine as a threshold matter whether the General Assembly expressly intended the statute to apply retroactively. *Id.*; *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, ¶ 8; *Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000). If a statute is clearly retroactive, the court must then determine whether it is substantive or

remedial in nature. *Consilio* at ¶ 8. A retroactive statute is unconstitutional if it retroactively impairs vested substantive rights, but not if it is merely remedial in nature. *Id.* at ¶ 9; *Hyle* at ¶ 7. A reviewing court does not address the question of constitutional retroactivity unless and until it determines that the General Assembly expressly made the statute retroactive. *Hyle* at ¶ 10. In other words, "[t]he General Assembly's failure to clearly enunciate retroactivity ends the analysis, and the relevant statute may be applied only prospectively." *Consilio* at ¶ 10.

{¶ 11} We first determine whether the General Assembly expressly made the 2017 amendments to R.C. 4510.13(A)(3) retroactive. Gregoire asserts the General Assembly did not clearly proclaim that amended R.C. 4510.13(A)(3) was to apply retroactively, and thus, the trial court erred in retroactively applying the statute. The amended version of R.C. 4510.13(A)(3) provides that

> No judge or mayor shall grant limited driving privileges to an offender whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under division (G) or (H) of section 4511.19 of the Revised Code, under division (C) of section 4511.191 of the Revised Code, or under section 4510.07 of the Revised Code for a municipal OVI conviction if the offender, within the preceding ten years, has been convicted of or pleaded guilty to three or more violations of one or more of the Revised Code sections, municipal ordinances, statutes of the United States or another state, or municipal ordinances of a municipal corporation of another state that are identified in divisions (G)(2)(b) to (h) of section 2919.22 of the Revised Code.

{¶ 12} "In order to overcome the presumption that a statute applies prospectively, a statute must 'clearly proclaim' its retroactive application." *Hyle,* 2008-Ohio-542 at ¶ 10; *Consilio,* 2007-Ohio-4163 at ¶ 15. "Text that supports a mere inference of retroactivity is not sufficient to satisfy this standard; we cannot *infer* retroactivity from suggestive language." (Emphasis sic.) *Hyle* at ¶ 10. Likewise, a statute's "ambiguous language is not sufficient to overcome the presumption of prospective application." *Id.* at ¶ 13. "If the

retroactivity of a statute is not expressly stated in plain terms, the presumption in favor of prospective application controls." *Consilio* at ¶ 15.

{¶ 13} Upon reviewing amended R.C. 4510.13(A)(3) and H.B. 388, we find that neither expressly proclaim retroactivity. At most, the language of the statute implies retroactivity. However, as the supreme court unequivocally held, the mere suggestion or inference of retroactivity is not sufficient to overcome the presumption of prospective application; instead, the statute must "clearly proclaim" its retroactive application. *Consilio* at ¶ 15; *State v. Thacker*, 5th Dist. Fairfield No. 07 CA 38, 2008-Ohio-2746, ¶ 19.

{¶ 14} In support of the trial court's retroactive application of the statute, the state argues that amended R.C. 4510.13(A)(3) "is devoid of any language indicating an intent to * * * have prospective application only." However, that is not the test. Rather, the question is whether the General Assembly expressly made the statute retroactive. Furthermore, notwithstanding the state's assertion, a look-back period does not "expressly or even implicitly make a statute retroactive." *Carney v. Shockley*, 7th Dist. Jefferson No. 14 JE 9, 2014-Ohio-5830, ¶ 40.

{¶ 15} "[T]he General Assembly is presumed to know that it must include expressly retroactive language to create that effect." *Consilio*, 2007-Ohio-4163 at ¶ 15. "In drafting prior legislative enactments and amendments, the General Assembly certainly has demonstrated its ability to include retrospective language when it so desires." *State v. Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 15. Several cases serve as examples of clear expressions of retroactivity and underscore the absence of a comparable declaration in amended R.C. 4510.13(A)(3).

{¶ 16} For instance, a statute expressly applying to any action pending on the effective date of the statute, which included causes of action which arose prior to the statute's effective date, "notwithstanding any provisions of any prior statute or rule of law"

was found to clearly indicate a legislative intent that it be applied retroactively. *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 106 (1988). Likewise, in a case cited by the state, a statute expressly applying to anyone who "was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after" that date was found to clearly proclaim its retroactive application. *State v. Cook*, 83 Ohio St.3d 404 (1998).[2] *See also Bielat*, 87 Ohio St.3d 350 (finding that the General Assembly expressed a clear intent that a statute would be applied retroactively where the statute specifically stated that it applied to conduct done "prior to, on, or after" the effective date of the statute); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 16 (finding that the General Assembly intended a statute be applied retroactively where the statute stated "that it applies to offenders who were sentenced to prison for offenses against children" regardless of when the offenses were committed).

{¶ 17} Amended R.C. 4510.13(A)(3) is likewise vastly different from the statute at issue in this court's opinion in *Redman* and the trial court's reliance on *Redman* is misplaced. The trial court denied Gregoire's motion for limited driving privileges on the ground that similar to the statute at issue in *Redman*, amended R.C. 4510.13(A)(3) "falls within the definition of 'remedial' because it has no effect on substantial rights, but rather provides a course of procedure for the enforcement of rights." However, the two statutes significantly differ in that the General Assembly expressed a clear intent that the statute at

---

2. In its brief, the state does not address whether the General Assembly expressly intended amended R.C. 4510.13(A)(3) to apply retroactively. Instead, the state only addresses whether the application of the ten-year look back period constitutes an unconstitutional ex post facto law. In doing so, the state relies upon the "intent-effects" test used by the Ohio Supreme Court in *State v. Cook*, 83 Ohio St.3d 404 (1998). The state's reliance on the "intent-effects" test is misplaced. In *Cook*, the supreme court applied this test when it addressed whether the statute at issue violated the Ex Post Facto Clause of the United States Constitution. Such analysis, however, came only after the supreme court found that the statute was constitutionally retroactive under the Ohio Constitution because the General Assembly specifically intended that the statute apply retroactively and the statute was remedial in nature. However, as stated above, the question of constitutional retroactivity "does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply." *Id.* at 410.

issue in *Redman* was to apply retroactively to conduct that was committed prior to the statute's effective date. *Redman*, 163 Ohio App.3d at 693 (noting that the statute at issue expressly stated that it was to "apply to conduct or an offense committed prior to" the statute's effective date). Curiously, such crucial difference was noted, but ultimately ignored, by the trial court: "The statute at issue in *Redman* is distinguishable from the statute at bar because [R.C.] 4510.54 * * * did explicitly provide that the statute applied to offenses committed prior to the effective date of the statute, which [R.C.] 4510.13 does not." Despite the foregoing finding, the trial court improperly resolved the issue of retroactivity upon whether amended R.C. 4510.13(A)(3) was remedial or substantive in nature.

{¶ 18} Because amended R.C. 4510.13(A)(3) lacks express language making it retroactive, our inquiry ends and we do not address whether the statute is substantive or remedial in nature. In other words, our conclusion that amended R.C. 4510.13(A)(3) was not expressly made retroactive precludes us from addressing the constitutional prohibition against retroactivity. *Hyle*, 2008-Ohio-542 at ¶ 24.[3] It follows that amended R.C. 4510.13(A)(3) may be applied only prospectively and the trial court erred in applying the ten-year look-back period of the statute when ruling upon Gregoire's motion for limited driving privileges.

{¶ 19} We therefore reverse the trial court's decision denying Gregoire's motion for limited driving privileges and remand this matter for the trial court to rule upon the merits of Gregoire's motion for limited driving privileges by applying the six-year look-back period set forth in former R.C. 4510.13(A)(3) in effect at the time Gregoire was convicted.

{¶ 20} Judgment reversed and remanded.

---

3. It is upon this point that our dissenting colleague misconstrues our holding. It is of no consequence whether amended R.C. 4510.13(A)(3) implicates Section 28, Article II of the Ohio Constitution as impairing a vested right or is merely remedial because the General Assembly did not expressly declare the statute to have retroactive application.

PIPER, J., concurs.

S. POWELL, P.J., dissents

**S. POWELL, dissenting.**

{¶ 21} I respectfully disagree with my colleagues that R.C. 4510.13(A)(3) has improper retroactive effect. Nor would I find that the statute impacts a vested right. Consequently, I would find the statute constitutional as applied and affirm the trial court.

{¶ 22} As a preliminary matter, Ohio statutes are entitled to a strong presumption of constitutionality. *Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, ¶ 62 (12th Dist.), citing *State v. Cook*, 83 Ohio St.3d 404, 409 (1998). A regularly enacted statute enjoys the benefit of *every presumption* of constitutionality. This court must find "clear conflict" between the statute in question and some particular provision of the Constitution. *Id.*

{¶ 23} "Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments." *Wilson* at ¶ 65, citing *Vogel v. Wells*, 57 Ohio St.3d 91, 99 (1991). Impermissible retroactive laws are those that impose "new duties and obligations upon a person's past conduct and transactions* * *." *Personal Serv. Ins. Co. v. Mamone*, 22 Ohio St.3d 107, 109 (1986).

{¶ 24} Amended R.C. 4510.13(A)(3) does not impose new "duties or "obligations" upon Gregoire. The statute does not impose a new penalty or increase the prior penalties imposed for any of Gregoire's past OVI convictions. It does not impose new driving restrictions. It does not require him to take any additional actions based upon his past conduct. The effect of the statute is that he simply ceased to qualify for limited driving privileges after the effective date of the act. Had Gregoire applied for privileges prior to the

amendment, he would have qualified to have the court consider his petition.

{¶ 25} Were I to find that the statute had retroactive impact, I would not find that it extinguished any vested right. "A 'vested right' may be created by common law or statute and is generally understood to be the power to lawfully do certain actions or possess certain things; in essence, it is a property right." *Washington Cty. Taxpayers Assn. v. Peppel*, 78 Ohio App.3d 146, 155 (4th Dist.1992). "It has been described as a right 'which it is proper for the state to recognize and protect, and which an individual cannot be deprived of arbitrarily without injustice.'" *State ex rel. Jordan v. Indus. Comm.*, 120 Ohio St.3d 412, 2008-Ohio-6137, ¶ 9, quoting *State v. Muqdady*, 110 Ohio Misc.2d 51, 55 (M.C.2000). A right cannot be considered "vested" unless it amounts to something more than a "mere expectation or interest based upon an anticipated continuance of existing laws." *Roberts v. Treasurer*, 147 Ohio App.3d 403, 411 (10th Dist.2001), quoting *In re Emery*, 59 Ohio App.2d 7, 11 (1st Dist.1978).

{¶ 26} In Ohio, a license to operate a motor vehicle is a privilege, not an absolute property right. *Doyle v. Ohio BMV*, 51 Ohio St.3d 46 (1990), paragraph two of the syllabus. Thus, it goes without saying that the limited driving privileges that Gregoire sought were not his property right.

{¶ 27} That Gregoire had no vested right in limited driving privileges is also reinforced by the fact that the Revised Code required him to petition the court for privileges. In other words, Gregoire had no automatic right to limited driving privileges. And even if Gregoire was otherwise qualified to file a petition does not mean that the court was required to grant the petition. The court's decision whether to grant or deny limited driving privileges is discretionary. R.C. 4510.021(A); R.C. 4510.13(B); *State v. Butler*, 12th Dist. Warren No. CA2011-01-004, 2011-Ohio-4565, ¶ 8.

{¶ 28} All that Gregoire possessed prior to the effective date of amended R.C.

4510.13(A)(3) was a "mere expectation" that the look-back period set forth in that section would remain the same. However, Gregoire's mere expectation that the law would not change is not a vested right. For these reasons, I do not find "clear conflict" between this statute and the Ohio Constitution and would affirm the trial court.